No. 12,964.

STATE OF LOUISIANA VS. HENRY HARPER.

With no bill of exceptions, assignment of errors or error on the face of the record, this court has no power to review the sentence for crime.

ON APPEAL from the Third Judicial District Court for the Parish of Lincoln. *Barksdale, J.*

*M. J. Cunningham*, Attorney General, and *Chas. B. Roberts*, District Attorney, for Plaintiff and Appellee.

*W. A. Vanhook* and *J. D. Barksdale* for Defendant and Appellant.

Submitted on briefs November 26, 1898.
Opinion handed down December 5, 1898.

The opinion of the court was delivered by

MILLER, J.   The accused appeals from the sentence for man-slaughter.

The record contains no bill of exceptions nor assignment of errors. It shows a rule for a new trial substantially on the grounds of testimony alleged to have been discovered since the trial.   If we could entertain this rule without any bill of exceptions to the refusal of the lower court to grant a new trial, we would be confronted with the fact that no diligence had been exhibited to obtain the testimony at the trial.   This court will give consideration to the refusal of the lower court to give a new trial when presented on a bill of exception exhibiting the grounds on which the lower court acted, but we have no such basis in this case.

There is an earnest appeal by counsel for the accused based on the poverty of the accused in jail for a length of time before his trial, with neither money or friends to aid him, and in that condition called up for trial with no adequate preparation to meet the issue. The counsel who appear for him in this court were assigned to the accused by the lower court.   They came to his defence with all the disadvantages arising from possessing no knowledge of the facts of

the case, except that they could acquire when appointed. No witness was put on the stand by the defence. After the trial and conviction, counsel learned for the first time of facts put before us in affidavits attached to the rule for the new trial. We have gone over these affidavits in view of the peculiar circumstances of the case and the insistence of counsel that we can act on the refusal of the lower court of the new trial, though the ruling was not the subject of any bill of exceptions. There is the frank avowal by counsel that it was their inadvertence that no bill of exceptions was taken, and it is urged that the poor and friendless accused should not suffer for the oversight. We can not depart from the law that utterly excludes this court from taking cognizance of questions of guilt or innocence of parties charged with crime. But in parting with the case we are prompted to express our appreciation that the appeal to us would deserve the serious attention of the Board of Pardons, if the affidavits attached to the rule for new trial exhibit the true state of the case never presented to the jury for reasons assigned by counsel who prosecute this appeal in the sincere desire to secure relief for one accused of the most serious offence known to the law, but unfortunately not afforded that full defence the law enforces.

It it ordered, adjudged and decreed that this appeal be dismissed.